## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

TINA CALDWELL,                    )
                                  )
      Plaintiff,               )
                                  )
v.                                )      Case No. CIV-20-168-RAW-SPS
                                  )
KILOLO KIJAKAZI,                  )
Acting Commissioner of the Social )
Security Administration, [1]      )
                                  )
      Defendant.              )

### REPORT AND RECOMMENDATION

The claimant Tina Caldwell requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-six years old at the time of the administrative hearing (Tr. 37, 208). She completed high school and has previously worked as a cashier checker (Tr. 18, 257). The claimant alleges that she has been unable to work since August 8, 2017, due to a lower back injury, hip injury, chronic bronchitis, anxiety, and Hepatitis B (Tr. 256).

## Procedural History

On August 21, 2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ J. Dell Gordon conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated May 24, 2019 (Tr. 10-20). The Appeals Council denied review, so the ALJ's opinion represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. At step two, the ALJ found that the claimant had the severe impairments of mild diverticulosis but no evidence for diverticulitis; mild to moderate intermittent asthma with acute exacerbation,

-3-

but without complications; s-shaped scoliosis of the thoracolumbar spine; acalculous cholecystitis; acute hepatitis B with associable hyperbilirubinemia and mild hepatosplenomegaly (Tr. 13). The ALJ also identified the medically determinable impairments of anxiety and depressive disorder (Tr. 13). At step four, he then found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) & 416.967(b), except pushing and pulling must be commensurate with the lifting and carrying limitations, and the work may require up to six hours of total sitting time but she must tolerate variable increments of continuous time for sitting, standing, and walking within the maximum expectations of this light exertional capacity. The ALJ further found the claimant must avoid pulmonary irritants and hazards such as running equipment (including machinery) (Tr. 15). The ALJ then concluded at step five that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work that she could perform, *e. g.*, collator, mail clerk, and office helper (Tr. 18-19).

## Review

The claimant's sole contention of error is that ALJ failed to properly identify jobs she could perform at step five, and that the issue of a sit/stand option was not clearly set forth. Because this contention lacks merit, the decision of the Commissioner should be affirmed.

At the administrative hearing, the ALJ elicited testimony from a vocational expert ("VE") to determine what other jobs the claimant could perform with the RFC of:

a 45-year-old female, 12th grade education, reported to be capable of light work, as defined by the Regulations. She can lift, carry, push, or pull up to, but not exceeding 20 pounds occasionally. She can sit, once again, [whatever][3] increments she wishes to use, but not to exceed a total of six hours in a workday. Same for standing and walking. Whatever increments she wants to use, but not to exceed a total of six hours combined. She can crouch, or kneel, or balance. She should avoid pulmonary substances, and she should avoid exposure to hazardous things like running equipment and that sort of thing.

(Tr. 58-59). The VE indicated that the claimant's past work would not be entirely eliminated by this hypothetical but would "reduce those jobs by at least 50% of what a person could do" (Tr. 59). He then identified three light jobs such a person could perform: (i) collator, DICOT § 208.685-010, with approximately 15,000 jobs available nationally; (ii) mail clerk, DICOT § 209.687-026, with approximately 25,000 jobs available nationally; and (iii) office helper, DICOT § 239.567-010, with approximately 12,000 jobs nationally (Tr. 59-60). The VE further testified that the information provided was consistent with the Dictionary of Occupational Titles and he would clarify if his testimony differed ("DOT") (Tr. 56).

As relevant to this appeal, the ALJ in his written decision adopted the VE's testimony that the claimant could perform the light jobs of collator, mail clerk, and office helper (Tr. 19). Furthermore, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]," and that the work existed in significant numbers in the national economy (Tr. 19). The claimant, however, asserts that

---

[3] The Commissioner points out, and the undersigned Magistrate Judge agrees, that the transcript reads "one of her" instead of "whatever." Based on the use of "whatever" two sentences later in the hypothetical, however, when the ALJ appeared to apply the "same for standing and walking," the appearance of "one of her" appears to be a scrivener's error. *See* Tr. pp. 58-59.

the ALJ erred in identifying jobs she could perform because the RFC states that the claimant "must tolerate variable increments of continuous time for sitting, standing, and walking," while he stated in the hypothetical at the administrative hearing, "She can sit, once again, [whatever] increments she wishes to use, but not to exceed a total of six hours in a workday.  Same for standing and walking.  Whatever increments she wants to use, but not to exceed a total of six hours combined" (Tr. 15, 58).  The claimant thus asserts:  (i) that the ALJ *appears* to be implementing a sit/stand at will option but that this is unclear and the Court cannot assert its judgment as to this meaning, and (ii) the VE did not testify as to whether he reduced the numbers of jobs available based on an at-will sit/stand option.

The claimant first asserts that asking the Court to distinguish between the ALJ's hypothetical including "whatever increments" and the RFC stating, "variable increments," is reversible error because it requires the Court to impermissibly asserts its judgment as to what this means.  The claimant agrees it *appears* the ALJ was attempting to impose a sit/stand at will option but contends the Court cannot make this conclusion because that would be an improper post-hoc rationalization.  The undersigned Magistrate Judge finds that any such discrepancy between the hypothetical propounded and the RFC assigned here is harmless error.  *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("[I]t nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, *i.e.*, where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.").  *See also Aiken v. Berryhill*, 2019 WL 2569555, at, *5 (S.D.

-6-

Cal. June 21, 2019) ("Although the hypothetical and RFC were not a verbatim match, there was no 'clear discrepancy' as Plaintiff claims."); *Cornejo v. Colvin*, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) ("[T]he limitations on which the RFC is based are not required to be included verbatim in the RFC or in a hypothetical to the vocational expert.").

Turning to the question of number of jobs available, the claimant contends that because the VE specifically did not testify that the jobs were reduced based on a sit-stand option, there is not substantial evidence that these jobs exist in significant numbers. As the Commissioner points out, however, the VE usually only offers testimony providing an original, larger number of jobs available and then a reduction when there are two hypotheticals propounded, *i. e.*, the ALJ first asks a hypothetical with no sit/stand option, then follows up with a hypothetical including a sit/stand option. Here, the ALJ propounded only hypotheticals in which the claimant had a sit/stand option, and the VE responded to the questions as they were asked. There is no evidence that the number of jobs available should be further reduced on the basis of the claimant's speculation.

The undersigned Magistrate Judge further notes that courts have declined to set a rule establishing what constitutes a significant number of jobs for purposes of the Act. *See, e. g., Trimiar v. Sullivan,* 966 F.2d 1326, 1330 (10th Cir. 1992). Instead, the ALJ should determine numerical significance based on an individualized evaluation of the facts of each case, and, most importantly, his or her own common sense. *Allen v. Barnhart,* 357 F.3d 1140, 1144 (10th Cir. 2004) *citing Trimiar,* 966 F.2d at 1330. In this case, because the ALJ found 15,000 jobs, 25,000 jobs, and 12,000 jobs to be significant numbers, *see* DICOT §§ 208.685-010, 209.687-026, 239.567-010, the Court's role is to review those numbers

using the substantial evidence standard set forth above. *Id.* at 1143-44 (explaining the difference between reviewing an ALJ's factual finding of significance and supplying a dispositive finding for an ALJ). Here, the undersigned Magistrate Judge is persuaded that the ALJ's finding, *i. e.*, that these numbers of jobs in the national economy constitutes a significant number, is supported by substantial evidence. *See Trimiar,* 966 F.2d at 1332 (noting that courts need not "strain at numbers" when deciding whether an ALJ's findings concerning what constitutes a significant number of jobs if the ALJ's decision is otherwise supported by substantial evidence). *See also Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) ("The *Rogers* [*v. Astrue*, 312 Fed. Appx. 138, 142 (10th Cir. 2009)] decision came out the same year as *Raymond*, and that court implicitly found, as a matter of law, without engaging in a multi-factor analysis, that 11,000 jobs in the national economy is significant. The Court is persuaded by *Rogers* and finds that 32,000 utility tractor jobs in the national economy is also significant."). Furthermore, the ALJ's determination is consistent with courts in this circuit as well as persuasive authority from other circuits suggesting that fewer than these numbers of jobs can constitute a significant number of jobs in the national economy. *See, e. g., Rogers*, 312 F. Appx. at 142 (finding the ALJ could rely on 11,000 jobs nationally as substantial evidence to support her finding of non-disability); *Jones v. Colvin,* 2015 WL 5573074, at *3 (E.D. Okla. Sept. 22, 2015) (finding 15,520 jobs in the national economy significant); *Holmes v. Saul,* 2019 WL 3290492, at *6 (D. N.M July 22, 2019) (finding 11,700 jobs in the national economy significant). The VE is simply required to provide an estimate of the number of jobs available based on the hypothetical proposed, which he did, and the ALJ's findings that

these jobs were available in significant numbers is sufficient.  As such, the ALJ's findings at step five of the sequential evaluation are supported by substantial evidence.

The Court finds that when all the evidence is taken into account, the conclusion that the claimant could perform light work with the aforementioned limitations is thus well supported by substantial evidence.  *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding.  We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'") (*quoting Howard*, 379 F.3d at 949). Accordingly, the decision of the ALJ should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct.  The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**